Daniels *v.* Town of Saybrook.

| 34 | 377 |
| 60 | 253 |
| 34 | 377 |
| 63 | 265 |
| 63 | 274 |
| 34 | 377 |
| 68 | 356 |

### FREDERICK C. DANIELS AND WIFE *vs.* THE TOWN OF SAYBROOK.

A demurrer admits all the essential elements of the plaintiff's cause of action.

Therefore on a hearing in damages after demurrer overruled, in a suit brought against a town for an injury from a defect in the highway, it is not necessary for the plaintiff to prove that he was using ordinary care.

But the defendants may show that the injury was caused by the plaintiff's negligence, and that therefore the damage should be merely nominal.

Where, on such a hearing in damages, it was found by the superior court that the plaintiff's horse ran off the side of the highway which was defective from want of a railing, but that the viciousness of the horse contributed to produce the accident, but it was further found that the plaintiff had never driven the horse before and had no knowledge of his viciousness and was using ordinary care in driving him, and the case was reserved on these facts for the advice of this court,—it was held that the court could not, as a matter of law, infer that the plaintiff had been guilty of negligence in not knowing the character of the horse, and that, as the burden of proof was on the defendants, the fact must be taken against them, and that therefore there must be a recovery of actual and not merely nominal damages.

ACTION on the statute " concerning highways and bridges," for an injury upon a highway which was unsafe and defective from want of a railing; brought to the superior court in Middlesex county. The defendants demurred to the declaration, the demurrer was overruled, and the case heard in damages. Upon this hearing the court found the following facts.

The highway described in the declaration was at the time one of the public highways of the town of Saybrook, which the town was bound to maintain. At the place where the accident happened the highway was so raised above the adjoining ground as to endanger the safety of travelers, and was inadequately protected by a railing or other protection. The plaintiffs were traveling upon the highway in a covered buggy, drawn by one horse, which was being driven with ordinary care and skill by the plaintiff Frederick C. Daniels, and when approaching the place of the accident the horse became unmanageable and ran off the side of the highway and over the offset, and precipitated the carriage with Mrs. Daniels upon the ground below. The viciousness of the horse, and the want of a sufficient railing or other protection, jointly contributed to produce the accident. The plaintiffs had never driven the horse before, and were entirely ignorant of his vicious disposition. If upon the foregoing facts the law was such that the plaintiffs were entitled to recover more than nominal damages, the court assessed their damage at three hundred and fifty dollars; but if they were entitled to recover only nominal damages, at twenty-five dollars.

Upon these facts the case was reserved for the advice of this court as to the judgment to be rendered.

*Culver* and *Elmer*, for the plaintiffs.

1. The defendants are clearly liable for the actual damages sustained by the plaintiffs, unless the negligence of the plaintiffs contributed essentially to the injury. The highway was " so raised above the adjoining ground as to endanger the safety of travelers," making it precisely the case where by statute a railing is required. Gen. Statutes, p. 493, sec. 8. However vicious the horse might have been, the accident could not have happened if there had been a suitable railing. In the absence therefore of negligence on the part of the plaintiffs the defendants are clearly liable for full damages. *Hunt* v. *Pownall*, 9 Verm., 411 ; *Palmer* v. *Inhabitants of Andover*, 2 Cush., 600.

2. The plaintiffs upon the facts found cannot be regarded as guilty of negligence. It is found that they had never driven the horse before and did not know of his viciousness. The most that can possibly be claimed is, that the plaintiffs were guilty of negligence in not ascertaining the character of the horse. But the burden of proof is not on the plaintiffs to prove that they used ordinary care. The demurrer admits this, and on the hearing in damages it was for the defendants to show negligence on the part of the plaintiffs, and they have not done it by merely showing the viciousness of the horse. It was for them to go further and show that the plaintiffs had in fact been negligent in using a vicious horse. It is found that they did not know of his viciousness, and for aught that appears they may have inquired as to his character and have been misinformed.

*Chadwick* and *Wilcox*, for the defendants.

1. To enable the plaintiffs to recover, they must prove, 1st, negligence on the part of the defendants, and 2nd, that there was no negligence on their own part, which in any essential degree contributed to the accident. *Neal* v. *Gillett*, 23 Conn., 437 ; *Williams* v. *Town of Clinton*, 28 id., 264 ; *Fox* v. *Town of Glastenbury*, 29 id., 204. The burden of proof is on them. The defendants are not bound to prove that the in-

jury was caused by the plaintiffs' carelessness or negligence. *Merrill* v. *Hampden*, 26 Maine, 234.

2. Towns are not insurers against accident. They are bound to keep highways reasonably safe and convenient. To render roads perfectly safe for travelers with horses "somewhat timid and accustomed to shy," would create an expense such as no community could endure. *Dimock* v. *Town of Suffield*, 30 Conn., 134; *Howard* v. *Inhabitants of North Bridgewater*, 16 Pick., 189.

3. If the viciousness of the horse, which the plaintiffs were bound to know, contributed to produce the accident, they cannot recover. *Murdock* v. *Inhabitants of Warwick*, 4 Gray, 178. The fact that they were ignorant of the vicious disposition of the horse does not enable them to recover, unless they prove not only that they did not know it, but that they had no reason to suppose it, and were in no fault in not knowing it, and that the accident was one which common prudence and sagacity could not have foreseen or guarded against. *Winship* v. *Enfield*, 42 N. Hamp., 197; *Palmer* v. *Inhabitants of Andover*, 2 Cush., 600; *Clark* v. *Barrington*, 41 N. Hamp., 44; *Davis* v. *Inhabitants of Dudley*, 4 Allen, 557. The plaintiffs in this case prove no more than simple ignorance, and do not claim or prove that they had no reason to suppose, and were in no fault in not knowing, the vicious disposition of the horse. They hired the horse at a livery stable. It was their duty to inquire as to his character. By a single inquiry of the owner they would have learned the vice and been enabled to guard against it. *Winship* v. *Enfield*, 42 N. Hamp., 214. If the owner of the vicious horse had been driving him, the town would not have been liable. Is it then liable to the man who hires him of the owner and drives him without inquiring as to his character?

4. A town is not liable for an injury to a person, by the combined effect of a defect in a highway and the negligence of a third person. *Rowell* v. *City of Lowell*, 7 Gray, 100; *Kidder* v. *Dunstable*, id., 104; *Moore* v. *Abbott*, 32 Maine, 46; *Farrar* v. *Greene*, id., 574; *Coombs* v. *Topsham*, 38 id., 204.

5. The remedy of the plaintiffs in this case, if any exists, is against the owner who has let to them a vicious horse.

BUTLER, J. The defendants in this case, by demurring to the declaration, defaulted as to the facts sufficiently alleged and essential to constitute a cause of action, and thereby admitted them. When their demurrer was overruled their case stood as upon default, with all the essential elements of the cause of action and the right of the plaintiffs to recover some damages, conclusively admitted.

But by the rules of law applicable to the case the allegations respecting the extent of the injury done the plaintiffs and the consequent amount of damages to which they were entitled, were not admitted. On the hearing in damages therefore it was incumbent upon the plaintiffs to show the extent to which they had been injured by the fault or negligence of the defendants, although, for the reason stated, it was not incumbent upon them to prove the exercise of ordinary care, or any other element of the cause of action.

On this hearing in damages it was competent for the defendants to prove any fact or circumstance tending to show that the injury was not occasioned wholly or at all by their negligence, but was occasioned wholly or in part by the negligence of the plaintiffs. But in proving these facts the defendants assumed the burden. If they proved them, the court might take them into consideration in fixing the amount of damages. Did the defendants in this case prove and has the court found that the injury was occasioned wholly or in part by the fault of the plaintiffs, so that the actual damage found by the court to have been three hundred and fifty dollars ought to be reduced to the substantially nominal sum of twenty-five dollars?

The defendants claim that they did prove that the injury resulted in part from the want of ordinary care in the plaintiffs and that the court has substantially so found.

The court has not so found in terms. It has found that

the viciousness of the horse contributed to produce the accident, but it has also found that the horse was being driven with ordinary care and skill by the plaintiffs, and that the plaintiffs had never driven the horse before and were ignorant of his vicious disposition. The question then is narrowed to this. Is a person chargeable with want of ordinary care, by necessary implication, if he is found upon a defective highway driving a vicious horse with ordinary skill of whose viciousness he has no knowledge?

The defendants insist that he is, but none of the cases cited go so far, and upon principle we do not think the claim can be sustained.

How the plaintiffs came to be driving a vicious horse without knowing that he was vicious does not appear. If, as was suggested in the argument, the horse was hired for the particular occasion at a livery stable, how shall we say in the absence of any finding of the fact by the court below that there was a want of ordinary care in hiring him? Shall we say that they did not apply for a gentle horse, or did not inquire into the character of the horse when furnished them? And why assume that to be true rather than that they did inquire, and that the livery man was one in whom they had a right to confide, and that he informed them that the horse was gentle. We think it obvious that we cannot infer a want of ordinary care from the mere fact that the plaintiffs were driving a vicious horse of whose disposition they were ignorant.

It was claimed upon the argument that when the defendants proved that the horse which the plaintiffs were driving was vicious, and that his viciousness contributed to the accident, the burden was shifted upon the plaintiffs to show that they exercised ordinary care in procuring and using him. At the first blush the claim seems plausible; and on the trial, if urged to the court or jury as sufficient *prima facie* evidence of the fact, if unexplained by the plaintiffs, it may have been entitled to consideration. But the claim is not in place here. There is no rule of law which would justify us in regarding it. What is called "the burden of proof" is

Daniels *v.* Town of Saybrook.

imposed by the *issue*, not by proof of a particular fact, and embraces a *prima facie* proof of all the facts necessary to prove the issue. In this case the issue was whether or not the horse was vicious, whether his viciousness contributed to the accident, and the plaintiffs exercised ordinary care in procuring and using him. The defendants made the issue and were bound to prove it. They proved the horse to be vicious and that his viciousness contributed to the injury. These were links in their chain of proofs and elements of the issue. But they did not prove also the other element, that the plaintiffs were guilty of a want of ordinary care in procuring and using him. So we must presume, inasmuch as the court has not found the fact. And if we were of opinion that the fact was proved *prima facie* by proof of the viciousness of the horse, and that the court should have inferred it therefrom and found it, the defendants would not be aided thereby. The question is legitimately one of evidence only, and we could not know but that the court thought it sufficiently explained by the other evidence in the case, and therefore did not find that element of the issue in favor of the defendants. The defendants therefore would be in the condition of one who claimed to have furnished *prima facie* evidence of the truth of the material element of the issue, which element the court in view of the whole evidence did not find to be true. That element it is obviously not our province to find; and our whole duty will be discharged when we have decided the question of law raised and reserved upon the facts expressly or by necessary implication found by the court to be true.

The superior court must therefore be advised to render judgment for the largest sum.

In this opinion HINMAN, C. J. and CARPENTER, J. concurred. PARK, J. thought the smallest sum should be the amount of the damages. He thought the fact that the plaintiff was driving a vicious horse was sufficient to raise a *prima facie* case of negligence on his part, and that he was to be regarded therefore as having brought the injury upon himself;

and that, inasmuch as towns are liable no further than the statute makes them, that is, for injuries resulting from their negligence, and the viciousness of the plaintiff's horse contributed as much to produce the injury as the negligence of the town, it could not be said that the injury resulted from the negligence of the town.