ANTHONY W. ASHBORN vs. TOWN OF WATERBURY.

Third Judicial District, Bridgeport, April Term, 1898. ANDREWS, C. J.,
   TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

A plaintiff's right of recovery in an action of negligence rests upon and
   must be confined to the proximate cause of injury which is alleged
   and proved. But if that is done, it is immaterial that another proxi-
   mate and concurring cause is incidentally disclosed by the evidence.
The plaintiff sought to recover damages for personal injuries alleged to
   have been caused by the defendant's neglect to maintain a railing
   along the edge of a highway embankment. *Held* that evidence that
   the plaintiff stepped into a slight depression or hollow in the high-
   way and stumbled and fell off the embankment, was admissible, not
   to show a different proximate cause of injury from that alleged, but
   as tending to prove that at the time of the accident the plaintiff was
   in the exercise of due care.

[Argued April 27th—decided June 1st, 1898.]

ACTION to recover damages for personal injuries resulting from a defective highway, brought to the District Court of Waterbury and thence by the defendant's appeal to the Superior Court for New Haven County, and tried to the jury before *Roraback, J.;* verdict and judgment in favor of the plaintiff for $5,250 damages, and appeal by the defendant for alleged errors in the rulings and charge of the court. *No error.*

In describing the cause of action the complaint alleged that on the 18th of July, 1894, the defendant had wholly

failed and neglected to maintain a fence or railing along the westerly side of South Main street in the town of Waterbury, nearly opposite the dwelling-house No. 1185 on said street, where said highway is so raised above the adjoining ground on the westerly side as to be unsafe for public travel; and that on said day the plaintiff, without fault or negligence on his part, in consequence of the negligence of the defendant in not maintaining said railing at said place, fell over and off said bank, and by reason of said fall sustained the injuries which were described. The statutory notice served upon the defendant contained a similar description of the nature and cause of the plaintiff's injury and the time and cause of its occurrence.

Upon the trial the plaintiff introduced evidence to prove that the highway at the place where he was injured was raised about sixteen feet above the adjoining ground; that the railing which had been erected had been thrown down so that at this point the south end of a rail lay upon the ground, while the north end remained fastened to its supporting post, the rail lying westerly of and outside of the line of the highway; that at about midnight of July 18th, 1894, while the plaintiff, in company with another person, was passing along a footpath about three feet wide, which ran parallel to and between the railing and the rails of a tramway, at a point eight or ten feet north of where he fell over the embankment, he stepped his right foot into a depression in the path, from three to six inches in depth, six or eight inches wide and about eighteen inches long; that this caused him to stumble and strike his other foot upon the paving stones laid upon the outside of the rails of the tramway, which stones extended into the path and projected above its surface, which caused him to stumble further, and that he fell against the railing which was partly down and, by reason thereof, fell over and down the wall and embankment.

Upon the trial the plaintiff testified: "I went off the bank. I tripped my foot, stepped my foot into a hollow or something, and tripped against the cobbles . . . kind of a gulley or hole there." Four other witnesses called by the plaintiff

testified to the existence of such depression at this place, and to the projecting cobble stones in the path.

The defendant objected to this evidence as immaterial, and as proving a defect in the highway and a cause of the plaintiff's injury, not alleged in the complaint.

The defendant also objected to proof of the statutory notice given to defendant, upon the ground that the evidence showed that the depression in the path and the cobble stones were the cause of the accident, a cause not described in the notice. The court overruled said objections of the defendant and admitted said evidence and the defendant excepted to the rulings. Said rulings were assigned as reasons of appeal.

The defendant further assigns the following reasons of appeal. The court erred in charging the jury as follows : "The cause of the injury, gentlemen, is alleged to be the absence of a railing where the public travel was endangered by the want of it. That is a material allegation, and if the plaintiff has failed in his proof upon this point he cannot recover.

"And you are instructed upon this branch of the case, that if you find from the evidence that the absence of such railing was a proximate cause of the accident, without the operation of which the accident could or would not have happened, then the fact that the plaintiff stumbled over a railing which was down, which stumbling was caused by stepping one foot into a depression, and then striking the other foot against some cobble stones above the surface of the pathway, would not prevent the plaintiff from recovery, although the plaintiff did not give any notice of the depression or of the cobble stones to the selectmen of the town under the provisions of the statute, and although the depression and cobble stones are not mentioned in the complaint.

"The court erred, while admitting all evidence concerning depressions, holes and gullies in the road or pathway, and cobbles projecting or raised above the same, as a proximate cause of the injury — there being no allegations of the same in the complaint or notice — in charging the jury that when

more than one proximate cause for an injury exists it is sufficient as a rule of law to allege all or one, thereby allowing the jury to receive evidence of a proximate cause not alleged in the complaint, and not set forth in the notice required by law, and thus to find a verdict under a complaint and notice averring a different proximate cause for the injury."

*Greene Kendrick*, for the appellant (defendant).

*John O'Neill*, for the appellee (plaintiff).

HALL, J. The evidence introduced by the plaintiff to show the existence of a depression in the highway near the place of the accident, and of projecting cobble stones at the side of the rails of the tramway, was manifestly neither offered nor received to prove a cause of plaintiff's injury different from that alleged in the complaint, but to prove the manner in which he came to fall over the defective railing.

The plaintiff was required to prove affirmatively that his own negligence did not essentially contribute to cause the fall. The main contention at the trial seems to have been upon this question. The defendant claimed that it appeared by the evidence that the night was clear; that the defect in the railing was obvious; that the plaintiff had been drinking; and that these circumstances clearly showed that the plaintiff's injuries were the result of his inability to exercise reasonable care to avoid the danger.

The evidence objected to was undoubtedly admissible as tending to prove that the fall was not the result of the plaintiff's alleged intoxication, but of an accident, not caused by the plaintiff's fault, concurring with the alleged negligence of the defendant. However well supported by evidence may have been the defendant's claim that the plaintiff was intoxicated, it still remained a question of fact for the jury whether the plaintiff's failure to exercise reasonable care essentially contributed to produce the injury. *Thorp* v. *Brookfield*, 36 Conn. 320. The jury having found that it did

not, and having apparently accepted the theory of an accidental stumbling caused by the alleged depression in the path, or by the cobble stones, and without fault of the plaintiff, we cannot upon this appeal review their conclusion.

The fact that the plaintiff would not have fallen from the embankment had there not been the depression or stones in the highway, will not defeat his right to recover under the averments of this complaint and upon the statutory notice as proved, if the stepping into the depression or stumbling upon the stones in the path was either an accident, without fault of either plaintiff or defendant, or if, without fault of the plaintiff, but from the negligence of the defendant, or a third person, it was a contributing cause to the injury, of which the other was the defective railing. Shearman & Redfield on Negligence (3d ed.), § 10 ; 2 Thompson on Negligence, § 1085 ; *Carterville* v. *Cook*, 129 Ill. 152 ; *Carstesen* v. *Stratford*, 67 Conn. 428. In *Baldwin* v. *Greenwoods Turnpike Co.*, 40 Conn. 238–244, this court said : "If the plaintiff is in the exercise of ordinary care and prudence, and the injury is attributable to the negligence of the defendants, combined with some accidental cause, to which the plaintiff has not negligently contributed, the defendants are liable."

Had it been true in the case at bar that through the negligence of the defendant the highway was defective, both by reason of the faulty railing as alleged, and of the depression and stones in the pathway, and that both said causes contributed to cause the accident, and that without both it would not have happened, the plaintiff might, either upon a complaint alleging in one count both of said concurring causes,—the notice required by statute having described both causes,—have recovered on proof of either or both ; or, upon a complaint alleging but one of such causes, that being the cause or one of the causes described in the notice, have recovered upon proof of the cause so alleged in the complaint. "Where several acts of negligence cause but one injury, the plaintiff may allege all the acts of negligence in one count and aver that they were the cause, and any one of them proved upon the trial will sustain his complaint." 2 Boon's

Estee's Pleading (4th ed.), § 2013. "When several proximate causes contribute to an accident, and each is an efficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes." *Ring* v. *Cohoes*, 77 N. Y. 83, cited with approval in *Carstesen* v. *Stratford*, *supra*.

Had the evidence shown that the existence of the depression and the presence of the cobble stones in the highway were the sole cause of the accident, so that it would have happened even though the railing had been sufficient, a recovery by the plaintiff would have been defeated by the fact that he had not correctly described the cause of his injury, either in his complaint or notice. But the jury have found that the depression and stones were not the sole cause of the accident. They have said by their verdict that the defective railing was the cause, and that had it not been for such defect in the railing the plaintiff would not have fallen from the embankment. The trial court, several times during its charge to the jury, distinctly called their attention to the fact that the cause of the injury as alleged in the complaint was the absence of a railing, and instructed them that the plaintiff could not recover without proof of that allegation. With reference to this subject the court used the following language in its charge: "The cause of the injury is alleged to be the absence of a railing where the public travel was endangered by the want of it. This is a material allegation, and if the plaintiff has failed in his proof upon this point he cannot recover. You are instructed upon this branch of the case, that if you find from the evidence that the absence of such railing was a proximate cause of the accident, without the operation of which the accident could not and would not have happened, then the fact that the plaintiff stumbled over a railing which was down, which stumbling was caused by stepping one foot into a depression and then striking the other foot against some cobble stones above the surface of the pathway, would not prevent the plaintiff from recovery, although the plaintiff did not give any notice of the depression or of the cobble stones to the selectmen of the town,

under the provisions of the statute, and although the depression and these cobble stones are not mentioned in the complaint."

There is no error in the rulings or charge of the court.

In this opinion the other judges concurred.