### Charlotte Clark *v.* Pierce & Norton Company, Inc.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued November 8, 1944—decided January 5, 1945.

*Nathan A. Resnik*, with whom was *Cornelius T. Driscoll*, for the appellant (plaintiff).

*Harrison D. Schofield*, with whom was *John W. Joy*, for the appellee (defendant).

ELLS, J. The defendant has for many years owned and operated an amusement resort at Lake Compounce in the town of Bristol. On a plot of ground between an "airplane ride" and a "scooter" building, it maintains a pole carrying wires and a transformer for the purpose of furnishing electricity required for the operation of resort equipment. The pole is braced by a guy wire made of twisted steel strands. The lower end of the wire is fastened to a pipe driven into the ground, and it runs from this fastening to the top of the pole at an angle of about forty-five degrees. The plaintiff, a girl twelve years of age, was walking with other members of her family toward the lake, to watch the activities there, and cut the outside of her left leg above the ankle upon the end of a strand of wire which protruded a distance of about one-quarter of an inch from the cut end of the cable where the latter was wrapped around the anchor pipe six or eight inches above the ground. The present action was brought in two counts, one alleging negligence, and the other, nuisance. The defendant filed a general denial, and a special defense alleging contributory negligence. The trial court concluded that the defendant was not negligent, that the plaintiff was guilty of contributory negligence and that the defendant did not maintain a nuisance.

A major claim is that the court erred in concluding that the defendant was not negligent. The issue was decided upon the basis of the fact that the plaintiff was an invitee and not a licensee or a trespasser. It is a well-settled rule of law that one who maintains

an amusement park and invites the public to use it is bound, like any one else who invites people to come upon his premises for business or pleasure, to exercise reasonable care to have and keep its premises reasonably safe for such visitors. *Turgeon* v. *Connecticut Co.*, 84 Conn. 538, 542, 80 Atl. 714; *Bernier* v. *Woodstock Agricultural Society*, 88 Conn. 558, 564, 92 Atl. 160; *Nordgren* v. *Strong*, 110 Conn. 593, 600, 149 Atl. 201; *Skelly* v. *Pleasure Beach Park Corporation*, 115 Conn. 92, 96, 160 Atl. 309. The plaintiff claims that the defendant was negligent in allowing the end of the projecting strand to protrude from the guy wire or cable so close to the ground as to cause damage to one who might be walking nearby. We find it unnecessary to discuss whether this slight protrusion of one quarter of an inch constituted a defect. If we assume that it did, liability for a breach of the duty to use reasonable care to keep the premises reasonably safe would arise only if it appeared that the defendant either knew of the defect or was chargeable with notice of its existence because had it exercised a reasonable inspection of the premises it would have known of it. *Newell* v. *Weisman*, 113 Conn. 744, 746, 156 Atl. 886; *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 64, 13 Atl. (2d) 760; *Sheehan* v. *Sette*, 130 Conn. 295, 297, 33 Atl. (2d) 327.

The question principally argued is whether the projecting strand had been in a position to subject persons walking near the guy wire to danger for a sufficient length of time so that the defendant should have had notice of it. In her draft finding, the plaintiff sought to have the trial court find that the defect, the protrusion of the strand of wire, had existed for many years. The court refused to so find and concluded that the plaintiff had failed to prove that the condition complained of had existed for any period of

time prior to the accident. We cannot say, upon the evidence in the case, that the court could not reasonably have found as it did. The plaintiff produced testimony to the effect that the end of the projecting wire was rusty. The court was not bound to believe it. The defect was not one readily discoverable, and the court might reasonably have concluded that in the performance of a duty to make a reasonable inspection of the premises the defendant would not have discovered the defective condition which caused the plaintiff's injury. The court upon this ground could reasonably have found that the defendant was not negligent. It follows that it is not necessary to discuss the issue of contributory negligence.

The answer to the plaintiff's contention that the defendant maintained a nuisance is that the condition claimed to have existed could not be either a public or a private nuisance. *Webel* v. *Yale University,* 125 Conn. 515, 524, 7 Atl. (2d) 215. The trial court was not in error in its decision upon this question.

In view of the ground upon which the court found that the defendant was not negligent, the ruling on evidence complained of is of no consequence. A witness in charge of the defendant's premises, having testified that there had been no change in the position or condition of the pole or wire in the preceding ten years, was asked whether in that time there had been "any injuries resulting from the maintenance" of the wire, and, over objection, answered that there had not. The testimony was apparently offered on the question whether the wire was dangerous; and, if the defect had not existed long enough to give notice, whether or not it was dangerous would not matter.

There is no error.

In this opinion the other judges concurred.