ESTHER HOFFMAN *v.* THE MOHICAN COMPANY

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON AND INGLIS, JS.

Argued December 6, 1949—decided February 14, 1950.

*Morton E. Cole,* with whom, on the brief, were *Cyril Cole* and *Milton Krevolin,* for the appellant (plaintiff).

*Robert L. Halloran,* with whom was *Harold G. Johnson,* for the appellee (defendant).

BROWN, J. This is an action for personal injuries alleged to have been sustained by the plaintiff, a customer in the defendant's market, when her foot slipped upon a piece of vegetable matter and she fell to the floor. The first count of the complaint alleges negli-

gence and the second nuisance. The jury rendered a verdict for the defendant and the plaintiff has appealed from the judgment thereon, claiming error in the court's charge and rulings upon evidence.

The defendant conducted a large retail market in a store on Main Street in Hartford, where fruits and vegetables were sold from a rectangular counter located in a main aisle. The floor was of hardwood. The products, after they had been brought from the rear of the store, were displayed on the counter, around the edge of which ran a chromium and glass sidewall eleven inches high. On September 4, 1945, the plaintiff was a business invitee in the store. As she was walking by the counter her foot slipped on a piece of vegetable matter, causing her to fall. These facts are undisputed. The parties were at issue as to whether the plaintiff's fall and claimed consequent injuries were due to a breach of duty upon the part of the defendant.

Of the errors assigned in the charge, two only call for consideration. Practice Book § 156. The first relates to the court's instruction that on the case as presented the jury would be unwarranted in finding the defendant liable on the ground of nuisance. This instruction was correct, for neither a public nor a private nuisance was involved. *Webel* v. *Yale University,* 125 Conn. 515, 524, 7 A. 2d 215; *Clark* v. *Pierce & Norton Co.,* 131 Conn. 499, 502, 40 A. 2d 752. The second concerns the failure of the court to charge that it was not necessary for the plaintiff to prove all of her allegations as to the defendant's negligence in order to recover, and that proof of one material allegation would suffice.

It is alleged in the first count that the plaintiff's fall was due to the defendant's negligence in that it: "(a) . . . caused or allowed and permitted the floor . . . to

be and become wet and strewn with pieces of vegetables and/or fruit; (b) . . . maintained said floor in said condition; (c) . . . failed to . . . remedy said condition; (d) . . . failed to make reasonable inspections of said floor; (e) . . . failed to warn the Plaintiff of said conditions existing on said floor." The court's charge made clear that the plaintiff was not entitled to recover unless she proved that "the defendant was negligent as alleged." Where several acts of negligence cause but one injury, the plaintiff may allege all the acts of negligence in one count and aver that they were the cause, and any one of them proved upon the trial will sustain the complaint. *Ashborn* v. *Waterbury,* 70 Conn. 551, 555, 40 A. 458; *Pratt, Read & Co.* v. *New York, N. H. & H. R. Co.,* 102 Conn. 735, 740, 130 A. 102. The case of *Sacks* v. *Connecticut Co.,* 109 Conn. 221, 237, 146 A. 494, where "at least eight acts of negligence were alleged in the complaint," affords a good illustration of the application of this principle. An analysis of the five allegations of the first count quoted above, however, discloses that the principle does not apply in this case. While each of them recites a factor relevant for consideration in determining whether the defendant was negligent with relation to the eventual static condition which caused the plaintiff's fall, no one of them per se constitutes an allegation of actionable negligence. Considered together they serve to allege the several integral parts which in the aggregate constitute the defendant's negligence complained of. In essence, the defendant is charged in this complaint with only one particular of negligence, i.e., a failure to use reasonable care to keep the premises reasonably safe. The distinction between allegations of the nature made here and those descriptive, for example, of the separate grounds upon which conduct of a driver of a motor vehicle may be claimed to have been negli-

gent is manifest. For example, excessive speed, failure to signal and failure to grant the right of way might each or all constitute the proximate cause of an injury. As appears from the instructions of the court, it fully explained the significance of the factors which the plaintiff alleged. It could not properly have charged that proof of any one of them of itself would constitute actionable negligence. The court did not err in its charge to the jury.

The plaintiff called as a witness Margaret Lito, who testified that she saw the plaintiff slip and fall and that when she went to help her she observed some green vegetable matter stuck to her shoe and a skid mark ten or twelve inches long on the floor where she had slipped. Upon being asked whether she saw anything at the end of this mark, she said: "Yes, there was still leaves where she slipped on, stuck to the floor. They were dirty and black. They must have been stuck there." The court ordered the witness' third sentence struck out as a conclusion. This ruling could not have prejudiced the plaintiff in view of the content of the witness' first sentence and other testimony she gave to the same effect. The plaintiff then asked the witness: ". . . how did that leaf that was stuck to the floor appear to you? What did it look like?" The court excluded the question because it allowed "too much latitude," and restricted it, stating: "You may describe what you saw." The record shows that this was well within the court's discretion. In answer to another question calling for a description of the condition of this leaf, the witness said: "Well, it was black and dirty and muddy, as if everybody had been walking on it." The court ordered the statement that "it looked as though everybody had been walking on it" struck out as a conclusion. In no event could this have harmed the plaintiff, since an interjection by

the witness which immediately ensued, "It must have been walked on," was allowed to stand. This aside, even if the testimony was generally within the class of evidence discussed in *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210, the particular statement was such as to bring its admissibility within the court's discretion. *Armstrong* v. *Dolge,* 130 Conn. 516, 519, 36 A. 2d 24. Upon the record before us, we cannot say that its exclusion would have constituted an abuse of that discretion.

Charles Calvarly, a salesman at the defendant's vegetable counter, testified on direct examination by the defendant that he had swept the aisle fifteen or twenty minutes before the plaintiff fell. The plaintiff then brought out on cross-examination that in addition to waiting on customers it was one of his duties to sweep around the counter, that he swept the floor whenever he thought it necessary, and that if the floor was clean and did not need sweeping he did not do it. The defendant, on redirect examination, asked this question: "What is the custom, rule or regulation in the store with reference to sweeping the floors?" The plaintiff objected on the ground that it should be restricted to "what was actually done." The court overruled the objection, and the answer, "The manager told me to sweep the floor every half hour, if necessary," was allowed to stand. The court also permitted the witness to testify that "as a rule" they did sweep the floor every half hour. The plaintiff's inquiry on cross-examination concerning the witness' duties opened the door and afforded a sufficient basis for the allowance in the court's discretion of these questions. *State* v. *Vandemark,* 77 Conn. 201, 206, 58 A. 715; *State* v. *Colonese,* 108 Conn. 454, 457, 143 A. 561. For like reason the court did not err in allowing the answer of the witness on redirect to stand, to the effect that it

was his practice to sweep the floor before 8 o'clock in the morning, immediately after the produce had been placed upon the counter. None of the other errors assigned in the court's rulings upon evidence call for consideration. Practice Book § 158; *McCarthy* v. *Maxon*, 134 Conn. 170, 173, 55 A. 2d 912.

There is no error.

In this opinion the other judges concurred.