CHARLES HANKEN, ADMINISTRATOR (ESTATE OF DAVID W. GALLANT) *v.* BUCKLEY BROTHERS, INC., ET AL.

ALCORN, C. J., HOUSE, COTTER, THIM and SHAPIRO, Js.

Argued May 5—decided June 4, 1970

*Sigmund L. Miller,* for the appellant (plaintiff).

*Richard P. Gilardi,* with whom was *Richard F. Oburchay,* for the appellees (defendants).

SHAPIRO, J.  This action arose out of a fatal accident in the early morning of June 30, 1963, after the plaintiff's decedent, David W. Gallant, accompanied by a female companion, drove an automobile from Seaview Avenue, a public highway in Bridgeport, Connecticut, onto the oil terminal premises of the defendant Buckley Brothers, Inc.  He then parked, facing a concrete wall, and put out his car lights.  Thereafter, he started the vehicle and drove off after being told by a Buckley employee, Fred Bromeyer, also a defendant, that he was on private property and must leave.  He was killed when the

vehicle left the pavement of the terminal and plunged into the surrounding water. The plaintiff claims that Gallant's death resulted from the negligence of the defendants. The defendants denied negligence and pleaded special defenses of contributory negligence and assumption of risk. From a verdict in favor of the defendants, the plaintiff has appealed. The assignments of error concern the trial court's charge to the jury and the failure to charge as requested.

The plaintiff's first claim of error is that the court gave unequal treatment in its charge to the plaintiff's claim of negligence and the defendants' claim of contributory negligence. This claim is made on the ground that the court instructed the jury that the defendants need prove only one of their specific allegations of contributory negligence, but the court did not similarly instruct the jury with respect to the plaintiff's allegations of negligence, thereby unduly favoring the defendants. The defendants' special defense contains various specific allegations of contributory negligence which charge the plaintiff's decedent with several distinct acts, such as excessive speed and driving under the influence of intoxicating liquor. Any one of the acts alleged might constitute the ground upon which the plaintiff's decedent may be claimed to have been contributorily negligent. See *Hoffman* v. *Mohican Co.*, 136 Conn. 392, 395-96, 71 A.2d 921. Where as here, several distinct acts of contributory negligence are alleged, the court properly instructed the jury that proof of any one of them would be sufficient to prevent recovery. See *Sacks* v. *Connecticut Co.*, 109 Conn. 221, 237, 146 A. 494; *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.*, 102 Conn. 735, 740, 130 A. 102; *Ashborn* v. *Waterbury,* 70 Conn. 551, 555, 40 A.

458. The plaintiff's complaint contains allegations of negligence which in essence charge that a dangerous condition existed on the premises of the oil terminal concerning which the defendants had a duty to warn the plaintiff's decedent. These allegations, considered together, serve to allege the several integral parts which constitute the basic negligence complained of, and each of them is simply a factor relevant for consideration in determining whether the defendants were negligent. See *Hoffman* v. *Mohican Co.*, supra, 395. Since the plaintiff's allegations of negligence in the aggregate constitute the negligence complained of, the court's refusal to charge that proof of any one of them would sustain the plaintiff's complaint was proper. Ibid. Thus, it was not error for the court to instruct the jury that the defendants need prove only one of their allegations of contributory negligence, and it was not error for the court to instruct the jury, as it did, with respect to the plaintiff's allegations of negligence.

The plaintiff also maintains that his claim of negligence and the defendants' claim of contributory negligence received unequal treatment because, while the court instructed the jury on each of the specific allegations of contributory negligence, it merely referred the jury to certain paragraphs in the substituted complaint as regards the allegations of negligence and told them that they would have the substituted complaint with them in the jury room. The court's charge to the jury, however, when read in its entirety and upon the record before us, adequately and fairly covered the plaintiff's allegations of negligence as well as the defendants' allegations of contributory negligence. See *Lucier* v. *Meriden-Wallingford Sand & Stone Co.*, 153 Conn. 422, 425, 426, 216 A.2d 818.

During their deliberations, the jury, at separate times, submitted questions to the court. The first asked whether there existed a law requiring warning or directional signs on property like that of Buckley. The second sought to have reread the laws on trespasser, invitee and "the invitee then becomes the trespasser." The third inquired about "the responsibility of the invitee after he becomes a trespasser." Following each of the court's answers the plaintiff excepted. He claims that the answers were incomplete and inadequate. We do not agree. It is true that an additional charge in answer to a question of the jury must state the law correctly. *Annes* v. *Connecticut Co.,* 107 Conn. 126, 131, 139 A. 511. "Of necessity, additional instructions given in immediate response to a request are more informal and expressed with less exactness than are studiously prepared formal charges." *State* v. *Parker,* 114 Conn. 354, 368, 158 A. 797. The basic charge and the supplemental instructions are to be read and considered as a whole. *State* v. *Johnson,* 139 Conn. 89, 93, 90 A.2d 905. Viewed in that light, these instructions adequately protected the rights of the plaintiff.

The plaintiff's remaining claims of error in the charge have to do with the defendants' denial of negligence and their special defense of assumption of risk and are not related to the special defense of contributory negligence. The jury returned a general verdict. As this court recently stated, "[w]hen . . . there are two or more distinct defenses upon which the parties are at issue, a general verdict will stand if it can be supported on the basis of any one of them, regardless of error in the charge pertaining to the others." *Levett* v. *Etkind,* 158 Conn. 567, 577, 265 A.2d 70. Denial of negligence, assumption of risk, and contributory negligence are separate and

distinct defenses. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 500, 208 A.2d 748; *Hardy* v. *Weitzman,* 147 Conn. 727, 728, 162 A.2d 507; *Meglio* v. *Comeau,* 137 Conn. 551, 553, 79 A.2d 187. Since there was no error in the charge as to the defense of contributory negligence, error on the issue of negligence or assumption of risk, if any, was cured by the general verdict.

There is no error.

In this opinion the other judges concurred.