[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carolyn LaGaipa brought a two count complaint on November 27, 1991. The first count is in negligence, and claims that the defendants, 25 Van Zant Street Condominium, Inc. and Katz Realty, Inc. who own and operate the premises at 25 Van Zant in Norwalk, where the fall occurred. were negligent in a number of respects. The second count, which CT Page 2506 is the subject of a motion to strike, sounds in nuisance. In count two, plaintiff alleges that the defendants permitted a nuisance to exist upon their premises which was intrinsically dangerous to pedestrians.
On January 9, 1992, the defendants filed (#103) a motion to strike count two of the complaint on the basis that this count fails to allege the essential elements of a cause of action in either public or private nuisance.
A motion to strike is the proper procedure with which to test the legal sufficiency of any count of a complaint. Practice Book 152(1). In ruling on a motion to strike the court is limited to the facts alleged in the plaintiff's complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). Further, the court construes the facts alleged in the complaint in the manner most favorably to the plaintiff. Id., 170. If a plaintiff's complaint contains the necessary elements of a cause of action, it will survive the motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman.213 Conn. 343, 348. 568 A.2d 786 (1990). "Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional . . . `intentional'. . . means . . . that the creator of [it] intended to bring about the conditions which are in fact found to be a nuisance." Green v. Ensign-Bickford Co.,25 Conn. App. 479, 490, 595 A.2d 1383 (1991).
The allegations necessary to maintain a cause of action in nuisance are: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages. Tommasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 197, A.2d (1992).
In addition to the four preliminary elements, the plaintiff must allege either a public or private nuisance. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his own ownership of an interest in land. In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the CT Page 2507 quality of the tenure." Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986), quoting Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939).
On the other hand, a public nuisance violates "public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." Couture v. Board of Education, supra, 314-15. "If the annoyance is one that is common to the public generally, then it is a public nuisance . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." Couture v. Board of Education, Id., 315.
In count two, plaintiff alleges: (1) that the stairwell had a natural tendency to inflict injury; (2) the use of the land was unreasonable or unlawful; (3) and the existence of the nuisance was a proximate cause of plaintiff's injuries. Plaintiff concedes that a private nuisance is not claimed in count two, so an analysis of private nuisance is not required. Rather, plaintiff contends she has alleged facts which if proven would support an action for public nuisance.
The court must now determine whether the plaintiff has alleged facts, construed most favorably to her, sufficient to support an action for public nuisance.
In Yvonne J. Smith, et al v. Monitor Management. et al,3 Conn. L. Rptr. No. 7, 214 (February 11, 1991), the court held that a woman claiming to have tripped on a rug entering a shopping mall in Trumbull "failed to allege facts and was unable to demonstrate that she was entering the shopping mall as a matter of public right or that the condition complained of interfered with a right common to the general public or that the . . . mall was public property."
A clear public right has been held essential to a claim of public nuisance. See LaPalme v. Tottle, 16 Conn. Sup. 121,193 A.2d 603 (1949); Hoffman v. Mohican Co., 136 Conn. 392, 394,71 A.2d 921 (1950) (patron who slipped in defendant's market could not claim a public nuisance); Mulcahy v. International Telephone and Telegraph Co., 31 Conn. Sup. 1, 2, 318 A.2d 804 (1974) (injury at defendant's public parking garage is not a public nuisance because plaintiff lacked a public right to be on the premises); and Clark v. Pierce Norton Co., 131 Conn. 499, 502,40 A.2d 752 (1945) (child's injury at an amusement park was not a public nuisance). CT Page 2508
In the case at bar, the complaint fails to allege that she was: (1) on the condominium stairwell as a matter of public right; or (2) that the defective stairs interfered with a right common to the general public; or (3) that the stairs were public property. As a result, plaintiff has not sufficiently alleged a public nuisance, and the motion to strike her second count is therefore granted.
So Ordered.
Dated at Bridgeport, Connecticut this 18th day of March, 1992.
WILLIAM B. LEWIS, JUDGE