[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The purpose of the motion to strike is to challenge the legal sufficiency of the allegation of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford Inc., 39 Conn. Sup. 129,131, 471 A.2d 679 (1983). The motion admits all facts well. pleaded, but doesn't admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS Inc., 196 Conn. 91 108, 491 A.2d 368 (1985). The sole inquiry is whether the plaintiff's allegations if proved, state a cause of action. Id.
There are two classifications of nuisance recognized in Connecticut: public and private. D. Wright J. Fitzgerald Connecticut Law of Torts (2d Ed.) 130. Nuisances are public where they violate public rights, "that is, rights enjoyed by citizens as part of the public." Couture v. Board of Education CT Page 32986 Conn. App. 309, 314-15, 505 A.2d 432 (1986). If the annoyance is one that is common to the public generally, then it is a public nuisance. Id. The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. Id.
Prior Supreme Court decisions have established that in order to prevail on a claim of public nuisance, a plaintiff must prove that:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages.
Doe v. Manheimer, 212 Conn. 748, 755-56 n. 4, 563 A.2d 699 (1989), quoting Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36,404 A.2d 889 (1978) (Citations omitted.) the plaintiff must prove, in addition, that the condition or conduct complained of interfered with a right common to the general public. (Citations omitted.) Manheimer, supra, quoting State v. Tippetts-Abbett-McCarthy-Stratton 204 Conn. 177, 183, 527 A.2d 688
(1987).
The defendants, in their memorandum of law in support of its motion to strike, argue that a patron who enters private premises with the express or implied invitation of a tenant is not exercising a public right. Therefore, argue the defendants, an invitation to the general public does not create a public right which would enable the plaintiff to pursue an action based in public nuisance for an injury occurring on private property.
In Dahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355,238 A.2d 431 (1967), the plaintiffs asserted that the condition of a soft drink vending machine in a store constituted a public nuisance. The court held that:
 As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even CT Page 3299 solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance. It does not not appear in the complaint whether the defendant was the owner of the premises in question or a tenant thereof, but in either case the same principles of law must be applied.
Id., 357.
In Lindsay v. Supermarket General Corp., 1 Conn. L. Rptr. 761
(June 14, 1990, Cretella, J.), the court held that there is no cause of action for public nuisance for injuries sustained when a stack of crates fell on the plaintiff while shopping in the defendant's grocery store, because the plaintiff was not exercising a public right. Id.
See also Smith v. Monitor Management 3 Conn. L. Rptr. 167
(January 10, 1991, Ballen, J.) (woman claiming to have tripped on a rug entering a shopping mall filed to allege facts and was unable to demonstrate that she was entering the shopping mall as a matter of public right or that the condition complained of interfered with a right common to the general public); Greenmun v. Frankel, No. CV91-0288752 S (January 30, 1992, McGrath J.) (entering a market based upon an express or implied invitation to enter is not considered exercising a public right); Stewart v. Federated Department Stores, 4 Conn. L. Rptr. 67 (May 17, 1991, Lewis, J.) (a person entering a premises at the express or implied invitation of a tenant or owner is not exercising a public rights; Hoffman v. Mohican Co. 136 Conn. 392, 71 A.2d 921 (1950) (patron who slipped in defendant's market could not claim a public nuisance).
Thus, to recover for public nuisance the plaintiff must allege that she was injured in the exercise of a public right. CT Page 3300
In the case at bar, the plaintiff contends that "the maintenance of said nuisance interfered with the right common to the general public to be free from such hazards upon the property to which it was invited." This allegation is lodged against both defendant, Waz, Inc., in count two and co-defendant, Antoinette Walsh, count four.
The plaintiff has not alleged sufficient facts to support the conclusion that she was injured in the exercise of a public right. Therefore, in construing the complaint in the light most favorable to the plaintiff, Counts two and four are legally insufficient for they fail to come within the elements of a nuisance claim as provided, supra, and defendants' motion to strike is granted.
SYLVESTER, J.