## COURTLAND L. HUNGERFORD, RESPONDENT, v. HANNAH M. BENT, APPELLANT.

*Landlord and tenant — injury occasioned by a defective hoisting apparatus attached to the building by a former tenant — liability of the landlord.*

An action was brought to recover damages for personal injuries sustained by the falling of a hoisting apparatus attached to the roof of a building, the upper floor of which was used as an opera-house. The hoisting apparatus was used for the sole purpose of lifting the baggage of showmen and performers to the opera-house floor. It was constructed by laying a plank six feet long on the roof, which projected eighteen inches over the cornice of the building, with a hook fastened in the projecting end, to which was attached an iron pulley and tackling. On the other end of the plank, which was not otherwise fastened, there was placed a keg filled with brick. While this hoisting apparatus was in use it fell from the roof and severely injured the plaintiff in the action who was standing in the street.

The stores and rooms in the building were rented to and were in the possession of different tenants, and the rooms used as an opera-house were leased by the owner of the building to one Gates. The hoisting apparatus had been erected by a previous tenant, while the rooms used for the opera-house were under a similar lease to him, with the express consent of the owner.

In an action brought against the owner to recover for the damages sustained by reason of the falling of this hoisting apparatus:

*Held,* that as the demised premises were rented to the present tenant, when in an unsafe and insecure condition to the knowledge of the owner, the owner was liable to one of the public injured in consequence of the premises being in such dangerous condition, although he was not in the actual possession thereof at the time of the happening of the accident.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered, upon the verdict of a jury for $1,800, rendered at

the Orleans Circuit, in the office of the clerk of the county of Orleans on the 12th day of October, 1888.

*Edmund L. Pitts,* for the appellant.

*Whedon & Ryan,* for the respondent.

BARKER, P. J.:

This action is to recover damages for personal injuries which the plaintiff received by reason of the fall of a hoisting apparatus attached to the roof of a building owned by the defendant. The building is located in the business part of the village of Medina and is three stories high. The ground floor is divided and used as stores and the second story for business offices and the third as an opera-house. The roof of the building is nearly flat, and the attic over the opera-room is about five feet high and unoccupied, except that a portion of the machinery used to move the curtains on the stage in the room below is operated therein. The rooms occupied as the opera-house are reached by stairways ascending from the street. The hoisting apparatus mentioned was used for the sole purpose of lifting the baggage of showmen and performers from the street to the floor of the opera-house and was received through an outside window. The front wall of the building was on the line of the street and the cornice projected over the sidewalk about two feet. The contrivance for hoisting was constructed by laying a plank, six feet long, six inches wide and two inches thick, flat on the roof, which projected over the cornice eighteen inches, with a hook fastened in the projecting end to which was attached an iron pulley, ropes and tackling. The plank was kept in position by placing on the other end thereof a keg filled with brick and loose brick laid on the plank, and was not otherwise fastened. On the 5th day of November, 1887, while the tackling was being used to lift baggage up to the opera-house, it fell from the roof of the building and struck the plaintiff, who was standing in the street, and severely and permanently injured him. He was without fault on his part.

The foregoing facts are stated in the bill of exceptions, wherein it is also stated that there was evidence tending to show " that the appliances for securing the hoisting apparatus on the roof was defective, and that it fell because of said defects and injured the

plaintiff." The bill also states that "previous to the erection of the hoisting apparatus and all the time during its continuance, there was an ordinance of the village of Medina, an incorporated village under the laws of the State of New York, prohibiting, under a penalty, the erecting or constructing the erection of anything projecting into or over the highways of said village."

At the conclusion of all the evidence the defendant claimed that the plaintiff was not entitled to recover for the reason that when the injury occurred to the plaintiff she was not in possession of the opera-house; that it was under lease to a tenant, and the same was in the possession and occupation of the tenant, and requested the court to direct a verdict for the defendant on that ground, which was refused, and the defendant excepted. The bill presents for review this single exception, all others being waived. All the stores and other rooms in the building had been rented and were in the possession of the tenants, but on what terms is not disclosed. At the time of the accident the rooms used as an opera-house were leased by the defendant to one Gates for one year, for the rental of nine dollars for each and every entertainment given in the rooms. The tenant promised to keep the stairway clean and clear and the windows closed, and to take care of the hall in a careful manner, and in the winter season to remove the snow from the roof so as not to injure the same. The defendant did not agree to make any repairs on the demised premises. The hoisting apparatus was erected in 1881, while the same rooms were under a similar lease to a previous tenant, with the express consent on the part of the defendant that the lessee might construct the same, the lessee paying all expenses. The defendant was fully informed long before the accident as to the mode and manner the hoist was constructed and held in position. The lease under which the tenant occupied was executed two months before the plaintiff was injured. This statement includes every material fact set forth in the bill of exceptions or which the evidence tended to prove.

On the case as made by the plaintiff, most careful and prudent men would say, as we think, that the apparatus, when in use, was insecure and unsafe and liable to fall and injure persons passing along the sidewalks in front of the building. It was not safely and securely attached to the roof or cornice. The cornice was the

fulcrum, and whenever the weight of the goods to be hoisted was greater than the weight applied to the plank, the structure would, of necessity, give way and be pulled down to the sidewalk. It was not for the court to hold that it was in a safe and secure condition at the time the defendant made the lease, which was in force when the accident happened. Although the charge to the jury is not a necessary part of the bill of exceptions, it is set out in full therein; and by the instructions given to the jury the plaintiff's right to recover was made to depend upon the fact whether the apparatus was in an unsafe and insecure condition at the time the lease was executed.

The fact being established that the apparatus was in an insecure and dangerous condition when the possession of the opera-house was surrendered by the defendant to her tenant, her liability cannot be doubted. It is settled in this State that if the owner of premises demises them for a rent to be paid when they are in an unsafe and insecure condition, to his knowledge, he is liable to any one of the public who may be injured in their person or property in consequence of such premises being in a dangerous condition, although he is not in the actual possession thereof at the time the injury happened. This precise proposition has been repeatedly affirmed, and is no longer open for discussion. *Edwards* v. *New York and Harlem Railroad Company* (98 N. Y., 247); *Ahern* v. *Steele et al.* (26 N. Y. St. Rep., 295), decided by the Court of Appeals in October of this year, and not reported in the regular series, is very instructive on this subject. (See, also, *Albert* v. *State*, 66 Md., 325; *Nugent* v. *B. C. and M. R. Co.*, 80 Me., 62; *Joyce* v. *Martin*, 15 R. I., 558.) This one view of the case fixes the defendant's liability and renders it unnecessary to consider whether her liability may not be placed upon another ground disclosed by the bill of exceptions. The suggestion is this, that the defendant did not lease nor surrender up to the lessee of the opera-house or to any of her other tenants the entire control of the roof of the building on which the structure was placed and allowed to remain, but that she continued, as a matter of fact, in the possession and control of the same.

If this conclusion can be fairly drawn from the facts stated in the bill of exceptions, then the defendant would be liable if the apparatus was insecure and unsafe, as it was used with her permission by one

of her tenants without the consent of the municipal authorities, but we place our decision on the ground first stated.

Decision affirmed.

DWIGHT and MACOMBER, JJ., concurred.

Judgment affirmed.