## SECOND DEPARTMENT, FEBRUARY, 1926.

GIOVANNI ZOLEZZI, Respondent, v. KROLL & HOROWITZ FURNITURE COMPANY, INC., and Another, Appellants, Impleaded with Another, Defendant.

*Landlord and tenant — action against lessee of building and owner for damages suffered when sign fastened to outside of building by prior tenant of one floor, fell on plaintiff — before lease to owner of sign expired landlord leased entire building to other defendant — tenant of building sublet to said lessee of floor — accident happened after commencement of term of lease of building — landlord is liable.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Kings county clerk's office on June 26, 1925, and also from an order, entered on the same day, denying a motion for a new trial, made upon the minutes.

Judgment and order denying new trial affirmed, with costs. Rich, Kapper and Lazansky, JJ., concur; Jaycox, J., reads for reversal as to defendant Brown; Kelly, P. J., concurs with Jaycox, J., and also votes to reverse upon the ground that at the time of the creation of the nuisance or thereafter the said defendant was not in possession of the premises, and there is no evidence that she had knowledge of the existence of the alleged nuisance.

JAYCOX, J. (dissenting): There are cases holding that an owner leasing premises " with a nuisance thereon " continues to be liable, notwithstanding the leasing, to persons injured by such nuisance. In all of those cases, however, the nuisance consisted of some defect in the premises. *Clancy* v. *Byrne* (56 N. Y. 129), *Ahern* v. *Steele* (115 id. 203), *Swords* v. *Edgar* (59 id. 28), relate to defective piers; *Timlin* v. *Standard Oil Co.* (126 id. 514) to a brick wall on the boundary of leased premises; *Matthews* v. *De Groff* (13 App. Div. 356) a defective hole cover; *Donovan* v. *Deeves* (167 N. Y. Supp. 942) a stoop leading to leased store; *Edwards* v. *N. Y. & H. R. R. Co.* (98 N. Y. 245) a gallery, a part of the leased premises; *Hungerford* v. *Bent* (55 Hun, 3; affd., 130 N. Y. 653) a hoist leased and used as a part of the demised premises. It is true that expressions may be found in these cases that would seem to indicate that any nuisance on the premises when leased would render the owner liable, but it must be borne in mind that it is never the intention of the court to decide any case but the one before it. " If, as sometimes happens,

broader statements were made by way of argument or otherwise than were essential to the decision of the questions presented, they are the dicta of the writer of the opinion and not the decision of the court. A judicial opinion, like evidence, is only binding so far as it is relevant, and when it wanders from the point at issue it no longer has force as an official utterance." (*Colonial City T. Co.* v. *Kingston R. R. Co.*, 154 N. Y. 493, 495.) The cases relied upon to establish the liability of Ruth A. Bruce-Brown, the owner in this case, therefore, have no application, as the accident in this case was not caused by any defect in the premises leased but by a piece of personal property placed thereon by the tenant. MacCanlis, the tenant, while in the occupation of the premises leased by him (the fourth floor), placed a sign on the outside of the building and subsequently this sign fell and inflicted the injuries for which this action is brought. If the simple situation I have described had continued until the happening of the accident, there is no contention that the owner would be liable. The lease of the fourth floor to MacCanlis was for five years and expired February 1, 1922. On the 19th day of December, 1921, the owner leased the whole building, subject to prior leases, to the defendant Kroll & Horowitz Furniture Company, Inc. At that time the Kroll & Horowitz Furniture Company, Inc., sublet the premises then occupied by him to MacCanlis for one year more. In October, 1922, the sign fell and injured the plaintiff and it is claimed that these circumstances render the owner Ruth A. Bruce-Brown, liable because she rented the premises " with the nuisance thereon." This conclusion finds no support in the actual decisions made in the cases cited above. The only support in those cases is the use of the expression " with a nuisance thereon " without further explanation of the character of the nuisance referred to in holding that an owner was liable, notwithstanding the leasing, for a defect in the premises which constituted a nuisance. Therefore, notwithstanding the use of the above-quoted expression, the courts have only decided that the owner's liability continues after the letting for defects in the premises which constitute a nuisance. In this case there is no claim that the premises were defective when leased or that they afterward became defective. The only claim is that the sign erected by MacCanlis was improperly fastened to the building. This sign was personal property and although fastened to the building became no part of it and at the end of his term the tenant had the right to remove it. During the continuance of the lease the owner's rights or powers in relation to this sign as a nuisance were the same as the general public. When she leased the whole premises, subject to the unexpired lease of MacCanlis, what duty, if any, in relation to the sign devolved upon her? It was no part of the premises. She had no property in it. She had the right to assume that at the end of MacCanlis' term he would remove it. Or, to state it in another way, not being a defect in the premises she was charged with no notice that it would continue after the termination of his lease. The premises were not a nuisance. It was the use of the premises that constituted the nuisance, and when the tenant was changed the landlord could assume that the use would not continue. The liability of the landlord in the cases above cited has its basis in the idea that the landlord has leased the nuisance and that the nuisance itself adds to his income. In *Swords* v. *Edgar* (*supra*) it is stated: " They leased it in its unsafe state, and took a rent for the use of it. Thereby they became liable to any one lawfully upon it, who suffered damage in consequence of its state of insecurity." This idea is

several times repeated in the course of the opinion. At page 35 it is stated: "The defendants urge. that an absolute deed would put an end to the former owners' liability, and that a lease is *pro tanto* as effectual as a deed, inasmuch as for a space it prevents the lessor from entering upon the premises to make repairs. This leaves out of view, that by a lease reserving rent, the owner and lessor derives a profit from the continuance of the nuisance; which is one of the grounds on which went *Roswell* v. *Prior.*" (2 Salk. 459; S. C., more fully reported, 12 Mod. 635.) That feature is not present in this case. The sign was no part of the leased premises at any time. The judgment against Ruth A. Bruce-Brown is not justified by the law. I concur in the affirmance of the judgment against Kroll & Horowitz Furniture Company, Inc., for the reason that the lease made by that defendant to MacCanlis contained this provision in reference to the tenant: " and shall not cut, drill into or otherwise disfigure, injure or deface the building or place signs on the outside thereof unless the style, size and location of said sign shall have been first approved by the lessor." By this provision I think the lessor retained control over the signs and was responsible for failure to properly attach them to the building. The judgment against Ruth A. Bruce-Brown should be reversed upon the law, with costs, and the complaint dismissed, with costs. Kelly, P. J., concurs.