JOSEPH CROUGHWELL *v.* CHASE BRASS & COPPER COMPANY

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued May 6—decided June 6, 1941.

*Edward Mascolo,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

AVERY, J. The complaint in this case was in two counts, the first alleging negligence and the second nuisance. The case was tried to the jury and a verdict returned in favor of the defendant. With their verdict, the jury returned their answer to a written interrogatory as follows: "Was the plaintiff guilty of contributory negligence?" Answer. "Yes." From the judgment entered on the verdict, the plaintiff has appealed claiming error in the failure of the court to instruct the jury upon the question of nuisance and also error in certain rulings upon evidence.

At the trial the plaintiff claimed to have proved these facts: The defendant, a manufacturing concern in Waterbury, operated a garage for servicing automobiles used in its business. Among the vehicles serviced on July 25, 1938, was a White truck, the tires of which were equipped with rims known as split rims. When the assembled tire and rim are off the wheels, the unit, when the air pressure is in excess of four pounds, if subjected to a blow or jar of such force as to disengage the lock which fastened the ends of the rim, would contract, causing the tube within the tire to explode. The defendant did not repair tires in its own garage but sent them to a representative of the tire manufacturers for that purpose. An employee called the attention of the defendant's foreman to the fact that the locking device of the rim of one of the wheels of the truck was broken. In response to a telephone message to Charles A. Templeton Company, a representative of the tire makers, the plaintiff, one of its employees, drove a truck to the defendant's garage and brought the wheel, with the tire inflated in excess of

four pounds, to the Templeton Company plant. He rolled the wheel into the plant. According to one version, he placed it upon its side and had stepped some five or six feet away when the tire exploded. According to another, he allowed the unit to fall of its own weight on its side and it exploded as he was leaning over it. The ring which holds the tire to the rim was thrown against the plaintiff by the explosion of the tire, causing him very serious injuries. He knew it was dangerous to handle such a tire without deflating it, but did not do this.

In its instructions to the jury, the trial court treated the case as one involving negligence and did not give the jury instructions upon the subject of nuisance as claimed in the second count of the complaint. The assembled rim with the inflated tire while within the defendant's garage resting against the wall or while in the garage of the Templeton Company could not constitute a private nuisance as to this plaintiff. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University,* 125 Conn. 515, 525, 7 Atl. (2d) 215. Nor was it a public nuisance. To constitute a public nuisance the annoyance must be of such a nature as to injure "the citizens generally who may be so circumstanced as to come within its influence." *Nolan* v. *New Britain,* 69 Conn. 668, 678, 38 Atl. 703.

The plaintiff assigns as error certain rulings on evidence, but the form in which they are presented affords no proper basis upon which to found his claim. In each of the paragraphs dealing with them, he presents more than one distinct ruling, with a general assignment addressed to the paragraph as a whole. *State* v. *Hayes,* 127 Conn. 543, 594, 18 Atl. (2d) 895. We have, however, examined them so far as to see whether they

resulted in a substantial denial of justice to the plaintiff. Most of them would be relevant only to the issue of negligence on the part of the defendant, and the jury having found that the plaintiff was guilty of contributory negligence, they are not of consequence upon this appeal. The only one which might be relevant to the decisive issues has not sufficient materiality to justify ordering a new trial.

There is no error.

In this opinion the other judges concurred.