GERTRUDE Z. LaPALME v. ELAINE D. TOTTLE ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 77854

Memorandum filed February 7, 1949.

*Cohen & Schine,* of Bridgeport, for the Plaintiff.

*Francis J. Moran,* of New Haven, for the Defendants.

COMLEY, J. The second count in the original complaint alleged that the plaintiff, while a patron of the defendants' restaurant, was injured by a fall upon a flight of stairs which were maintained in such condition as to constitute a nuisance. A demurrer to this count was sustained by Judge Quinlan on the ground that, as to the plaintiff, the condition complained of was neither a private nor a public nuisance within the doctrine of *Webel* v. *Yale University,* 125 Conn. 515.

The plaintiff has now amended her second count by adding an allegation that "said restaurant and inn and the building in which it was conducted was a place of public accommodation and the use made thereof by the plaintiff as hereinafter set forth was in the exercise of such public right." The defendants renew their demurrer on the ground that the facts alleged show neither a public nor private nuisance.

It does not seem to me that the amendment has changed the legal effect of the original complaint. A restaurant is, of course, a place to which members of the public are invited for business purposes. It is still private property, and a nuisance thereon is not a public nuisance in the sense that it affects "the citizens generally who may be so circumstanced as to come within its influence." *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn. 110, 112; *Nolan* v. *New Britain,* 69 Conn. 668, 678.

The mere fact that private property is being used as a place of business to which members of the public are invited does not convert a nuisance existing thereon into a public nuisance. *Webel* v. *Yale University,* 125 Conn. 515, 524; *Clark* v. *Pierce & Norton Co., Inc.,* 131 Conn. 499, 502.

The demurrer is sustained.