### DAVID R. LYNE v. TOWN OF EAST HARTFORD

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 88838

Memorandum filed April 19, 1951.

*Joseph P. Cooney,* of Hartford, for the Plaintiff.

*Warren Maxwell* and *Frederick C. Maynard,* of Hartford, for the Defendant.

KING, J. The plaintiff, a boy of eight, sues for injuries sustained while coasting on a portion of a flood control dike, owned and controlled by the defendant town, as a result of his sled's colliding with an observation well pipe located on the dike at or near the base of the incline down which the plaintiff was sliding. The complaint sounds in nuisance.

The defendant demurs on the ground that the complaint does not allege that the plaintiff was injured in relation to a right which he enjoyed by reason of his ownership of an interest in land, so as to set forth a cause of action for a private nuisance; nor that he was injured in relation to a right which he enjoyed as a member of the general public so as to set forth a cause of action for a public nuisance.

The complaint, in paragraph three, alleges that for a long time many children had used this incline for coasting on sleds and that this use was well known to the defendant or should have been well known to it in the exercise of reasonable care.

Quite properly the plaintiff concedes, what is obviously correct, that the allegations are wholly insufficient to set forth a cause of action for a private nuisance. *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn. 110, 111, 112.

There remains the question of whether the foregoing allegations are broad enough to set forth a cause of action for a public nuisance.

It would not be necessary for the defendant's legislative body formally to vote to open this incline to the public for purposes of coasting. This result could follow from allowing such use to continue without objection after actual or constructive notice of the continuity of the practice. *Essam* v. *New York, N. H. & H. R. Co.,* 137 Conn. 353, 357.

It cannot be said that the plaintiff might not be able to prove a sufficient user by children, with knowledge, actual or constructive, on the part of the defendant, so as to warrant a finding that this incline was an area which had been thrown open or

dedicated for use by children as a place for coasting. Under such circumstances it could be found that the plaintiff, as such a child, was using the incline in the capacity as a member of the general public. *Balaas* v. *Hartford,* 126 Conn. 510, 514.

Under the above circumstances there would be no special user by the plaintiff or these other children distinct from that of the general public so as to make their user other than one by them as members of the general public within the rule of *Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, 612.

It is probably true that coasting, unlike skiing, is a pastime appealing chiefly to children, and that consequently the only members of the general public who either had made this permissive use of the incline, or had been so circumstanced as to come within the influence of this nuisance to coasters, were children. This, however, does not prevent proof of the existence of a public nuisance as to them. Indeed an entire park might be restricted to use by children, or even to such use for coasting only, and still it would be no less a public park than as though open both to children and adults and for all usual park purposes.

The demurrer is overruled.