HARRY MANDELL *v.* FRED PIVNICK ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 105550

Memorandum filed August 16, 1956.

*Donald C. Rosenblatt,* of Hartford, for the plaintiff.

*Beizer & Beizer,* of Hartford, for the named defendant.

*Warren Maxwell,* of Hartford, for the defendants Minnie and Reuben Rosenblatt.

COTTER, J.   The plaintiff sues for injuries sustained when he was struck by a defectively installed awning.  The second count of the complaint sounds in nuisance.  The defendant Pivnick demurs on the ground that the complaint does not allege that the

plaintiff was injured in relation to a right which he enjoyed by reason of his ownership of an interest in land so as to set forth a cause of action for private nuisance, nor was he injured in relation to a right which he enjoyed as a member of the general public so as to set forth a cause of action for a public nuisance.

The complaint alleges that the plaintiff was injured when he walked over to the awning which was installed on the premises known as 1171 Main Street, Newington, Connecticut. The allegations of the complaint are insufficient to set forth a complaint based upon a private nuisance, since nowhere does it appear that he was injured in relation to a right which he enjoys by reason of his ownership of an interest in land. *Webel* v. *Yale University,* 125 Conn. 515, 525; *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn. 110, 112.

As to a claim of public nuisance, there is no allegation that Main Street is a public highway, nor is there an allegation that the plaintiff was a member of the general public using such a public street or highway. There is nothing to indicate that the plaintiff sues as a member of the general public. " 'Nuisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights 'that is, the rights enjoyed by citizens as part of the public.' 39 Am. Jur. 286. '. . . if the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.' *Nolan* v. *New Britain,* 69 Conn. 668, 678 . . .; *Hassett* v. *Palmer,* 126 Conn. 468, 476 . . .; *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn.

110, 112 . . . ." *Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, 611. It must be alleged that the installation of the awning was dangerous to the public generally in order to bring the cause of action within the second count of the complaint.

Under a proper set of facts there is authority to the effect that awnings which project over a walk and injure travelers are held to constitute a nuisance unless properly secured. *Grimes* v. *King,* 311 Mich. 399; 34 A.L.R.2d 489; 25 Am. Jur. 822. Likewise, signs attached to buildings have been found to constitute a nuisance where the nature of the sign or its fastenings constitute a dangerous condition. *Zolezzi* v. *Kroll & Horowitz Furniture Co.,* 216 App. Div. 719. This is true where the sign overhangs and encroaches upon the public street. *McNulty* v. *Ludwig & Co.,* 153 App. Div. 206, 45 A.L.R. 808; 25 Am. Jur. 586.

The court further finds that the allegations of the complaint are not sufficient or broad enough to constitute a cause of action for public nuisance.

The demurrer is sustained.