FRANCES O'NEIL *v.* ALFRED N. MARULLI ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 118105

Memorandum filed September 29, 1959

*Beach, Calder & Barnes,* of Hartford, for the plaintiff.

*Cooney & Scully,* of Hartford, for the defendants.

FITZGERALD, J. Plaintiff's complaint is in three counts. The allegations common to all three counts are as follows: On July 5, 1958, the plaintiff was an employee of the defendants and while on their

premises in the course of her employment she suffered injuries to the thumb of her right hand when it was caught in a cupboard or cabinet located on the premises. The second count alleges in effect that the condition of the cupboard or cabinet constituted a nuisance. The defendants demur to that count as on file.

A defective condition, to be actionable as a nuisance, must constitute a public or private nuisance to the plaintiff to permit a recovery for personal injuries. Clearly, the subject of the second count is not concerned with a public nuisance. For that kind of a nuisance to exist, "the annoyance must be of such a nature as to injure 'the citizens generally who may be so circumstanced as to come within its influence.'" *Croughwell* v. *Chase Brass & Copper Co.*, 128 Conn. 110, 112. Nor is the subject of the second count concerned with a private nuisance. This is the basis of the interposed demurrer. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University*, 125 Conn. 515, 525; *Croughwell* case, supra. The situation is different from that appearing in *Munz* v. *Abramson*, 18 Conn. Sup. 198, in which the defendant's demurrer was overruled.

For reasons stated, the defendants' demurrer to the second count of the complaint is sustained.