Doris Merritt *v.* Jesse Miller

SUPERIOR COURT　　MIDDLESEX COUNTY　　FILE No. 18235

Memorandum filed November 7, 1967

*William I. Mark,* of Meriden, for the plaintiff.

*Bailey & Wechsler,* of Hartford, for the defendant.

FITZGERALD, J.   Plaintiff's complaint as amended by a more specific statement is in two counts.   The basic allegations common to both counts are briefly summarized as follows:  On May 12, 1966, the plaintiff was an employee of the Connecticut welfare department, which as a lessee occupied an office building in the city of Middletown owned by one not a party to this litigation.   By contract with the plaintiff's employer, the defendant was to provide janitorial services, which included the care of the floors of the leased premises.   While working for her employer on the day in question, the plaintiff was walking on the floor of a corridor in the leased premises occupied by her employer and fell and suffered injuries.   Her fall was caused by the negligence of the defendant or one of his employees in that the floor was waxed and polished in such a manner as to make it slippery, dangerous and in an unsafe condition.

The second count of the complaint incorporates by reference the foregoing allegations and, in addition, alleges that the condition of the floor which caused the plaintiff to fall constituted the creation of a nuisance to persons using that floor and was productive of injuries to the plaintiff.

The first count of the complaint admittedly invokes negligence as a basis of recovery and is not challenged by the defendant as an improper pleading.   Defendant demurs to the second count of the complaint, which on its face invokes nuisance as a basis of recovery.   The interposed demurrer to the

second count assigns as a reason "that the plaintiff has failed to allege that she was on the premises in the exercise of a public right, or that she had an ownership interest therein so as to support a claim for a public or private nuisance."

It very often happens that a plaintiff in his complaint adds a count in nuisance for the sole purpose of avoiding contributory negligence as a defense to the subject of the count in nuisance. Nuisances fall into one of three kinds which have been classified and described in an excellent opinion of our Supreme Court, speaking through Chief Justice Maltbie, in 1942 in *Beckwith* v. *Stratford,* 129 Conn. 506, 510–11, to which the attention of counsel is directed. It is sufficient to say that as to a nuisance grounded on negligence (third classification), contributory negligence is an appropriate defense. *Beckwith* v. *Stratford,* supra, 511. It has already been noted that an allegation common to both counts is that of negligence. Hence the kind of nuisance invoked by the plaintiff in the second count must be interpreted as one grounded on negligence. Had the demurrer assigned that the alleged liability of the defendant invoked by the plaintiff in the second count is nothing more than nuisance grounded on negligence and adds nothing further, in the way of a recovery and cause of action in negligence, to that already alleged in the first count, it might have been sound from this standpoint. Compare the statement in the opinion of *Webel* v. *Yale University,* 125 Conn. 515, 526, which could give rise to this consideration. That is not, however, the basis of the interposed demurrer and plays no part in the disposition to be accorded the demurrer as on file.

Apart from the particular kind or classification of nuisance which may be invoked by a plaintiff in his complaint, or in a count thereof, as a ground of recovery and cause of action *(Beckwith* v. *Stratford,*

supra), a defective condition, to be actionable as a nuisance, must constitute a public or private nuisance to the plaintiff to permit a recovery for personal injuries. The status of the plaintiff was that of an employee of the lessee of the office building who at the time of her fall was engaged in that capacity; she was not on the leased premises as a member of the general public who had business with, or was required to be on the premises in connection with the activities of, the Connecticut welfare department, the lessee, as a member of the general public. Clearly, the subject of the second count is not concerned with a public nuisance. For that kind of nuisance to exist, "the annoyance must be of such a nature as to injure 'the citizens generally who may be so circumstanced as to come within its influence.'" *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn. 110, 112, quoting in part from *Nolan* v. *New Britain,* 69 Conn. 668, 678.

*Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, cited by the plaintiff in support of her position that a public nuisance is sufficiently alleged in the second count, is not in point and does not sustain her position. On appeal in that case, the trial court was upheld by the Supreme Court in not instructing the jury in the law relating to nuisance and its effect on contributory negligence as a defense. On page 612 of the opinion, it is stated that the plaintiffs' claim for recovery in nuisance— they were employees of the highway department of Connecticut engaged at the time of the episode in trimming trees along a public highway of the state —was based not upon their rights as members of the general public. The error found on the appeal in that case related solely to that portion of the charge of the trial court relating to negligence, another ground of recovery alleged in the complaint.

Nor is the subject of the second count concerned with a private nuisance. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University*, 125 Conn. 515, 525. General reference is made to *O'Neil* v. *Marulli*, 21 Conn. Sup. 373, in which a plaintiff employee sought a recovery against the defendant employer on one of three counts alleging a condition constituting a nuisance. The demurrer to that count was sustained.

To go no further, the defendant's interposed demurrer to the second count in the instant complaint, alleging that the plaintiff's fall and resulting injuries were caused by a condition constituting a nuisance, is required to be, and is, sustained in toto.