[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE LIABILITY COUNTS OF NUISANCE CT Page 324
On June 24, 1992 plaintiffs Craig and Andrea Chenette filed a complaint against defendant Kenneth V. Guilfoil. The main allegation is that Craig Chenette fell while climbing the common stairway of the defendant's premises, while lawfully on the premises as an invitee of the defendant's tenant. The first count of the complaint alleges that the defendant failed to maintain the stairway in a safe condition and that he was therefore negligent. The second count alleges that the defendant created a condition which constitutes a nuisance. The third count alleges that the defendant negligently created a nuisance. The fourth count alleges that the plaintiff, Andrea Chenette, suffered a loss of consortium as a result of the injuries to the plaintiff, Craig Chenette. The fifth count alleges that the nuisance that was created caused the plaintiff, Andrea Chenette, to suffer a loss of consortium as a result of the injuries to the plaintiff, Craig Chenette. The sixth count alleges that the negligently created nuisance caused the plaintiff, Andrea Chenette, to suffer a loss of consortium as a result of the injuries to the plaintiff, Craig Chenette.
On September 21, 1992 the defendant filed a motion to strike the second, third, fifth and sixth counts of the plaintiffs' complaint, and an accompanying memorandum of law in support of the motion to strike. Specifically, the defendant moves to strike those counts alleging the creation of a nuisance because the plaintiff has failed to allege the proper elements of a cause of action in nuisance.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "`[W]henever any party wishes to contest . . .the legal sufficiency of any such complaint . . . or any count thereof . . . that party may do so by filing a motion to strike the contested pleading or part thereof.'" Grubb and Ellis v. Dinardo, 2 Conn. L. Rptr. 309 (August 30, 1990, Jones, J.). "[W]here a plaintiff's complaint alleges legal conclusions unsupported by facts" a motion to strike shall be granted. Mora v. Aetna Life and Casualty Ins. Co., 13 Conn. App. 208, 211,535 A.2d 390 (1988). "The failure to timely file an opposing memorandum will not necessarily be fatal. . . ." Olshefski v. Stenner, 2 Conn. L. Rptr. 477, 478 (September 27, 1990, Clark, J.). "However . . . the filing of a memorandum in opposition to a motion to strike is mandatory and the failure to file such CT Page 325 may still serve as a ground for granting a motion to strike." Id.
The defendant argues in his memorandum in support of its motion to strike that since plaintiff Craig Chenette failed to allege that he had any ownership interest in the property where the claim existed, nor that he was in the exercise of a public right, he has no legal right to maintain an action for either public or private nuisance and the motion to strike should therefore be granted.
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property. (Citations omitted.) The term nuisance refers to the condition that exists and not to the act or failure to act that creates it." Quinnett v. Newman,213 Conn. 343, 348, 568 A.2d 786 (1990).
 Our prior decisions have established that in order to prevail on a claim of nuisance, a plaintiff must prove that `(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages.'
State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 183,527 A.2d 688 (1987), quoting Filisko v. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978). Furthermore, where public nuisance is alleged the plaintiff must prove "(1) that the condition or conduct complained of interfered with a right common to the general public; and (2) . . . that the defendant's intentional conduct, rather than [his] negligence, caused the condition deemed to be a nuisance." Id. "Whether these elements exist is a question of fact." Dingwell v. Litchfield, 4 Conn. App. 621, 625, 496 A.2d 213 (1985).
"[A]s a ground of recovery and cause of action . . . a CT Page 326 defective condition, to be actionable as a nuisance, must constitute a public or private nuisance to the plaintiff to permit a recovery for personal injuries." Merritt v. Miller,27 Conn. Sup. 330, 332-33, 237 A.2d 381 (Super.Ct. 1967). In order to recover for private nuisance the plaintiff must allege that he suffered an injury in relation to his ownership of an interest in land. And in order to recover for public nuisance the plaintiff must allege that he suffered an injury in the exercise of a public right. Couture v. Board of Education,6 Conn. App. 309, 315, 505 A.2d 432 (1986). See also Mandell v. Pivnick, 20 Conn. Sup. 99, 100, 125 A.2d 175 (Super.Ct. 1956) ("As to a claim of public nuisance, there must be an allegation that the plaintiff is a member of the general public using such public premises."); Dewing v. Old Black Point Assn., 19 Conn. Sup. 230,230-31, 111 A.2d 29 (Super.Ct. 1954) ("In order to state a cause of action for public nuisance the plaintiff must allege that the injury was sustained in the plaintiff's enjoyment of a public right, by some act or conduct of the defendant which interfered with the exercise of that right.").
The seminal case in the law of nuisance is Webel v. Yale University, 125 Conn. 515, 7 A.2d 215 (1939). In that case it was held that:
 One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in the land.
Id., 524-25. See also Smith v. Monitor Management,3 Conn. L. Rptr. 167, 168-69 (January 10, 1991, Ballen, J.); Stewart v. Federated Department Stores, 4 Conn. L. Rptr. 67, 69 (May 17, 1991, Lewis, J.) ("[A] person entering a premises at the express or implied invitation of a tenant . . . is not exercising a public right. Rather, the person is entering as a visitor. Furthermore, the visitor cannot recover on a public nuisance claim.") CT Page 327
Because the plaintiff has not alleged the necessary elements for a cause of action in either private or public nuisance, the defendant's motion to strike counts two and three are granted. Furthermore, since counts five and six are derivative of counts two and three, they are stricken.
Clarance J. Jones Judge