[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed a nineteen count complaint against several defendants arising from the alleged negligent construction and installation of sewer lines on the plaintiff's property. Various causes of action are set forth in the complaint, including nuisance, negligence, trespass, breach of warranty, strict liability for ultrahazardous activities and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and various Environmental Protection Act ("EPA") statutes.
Defendant Brito Enterprises, Inc. ("Brito"), a contractor, has filed a motion to strike the sixth, twelfth, thirteenth, fourteenth, fifteenth and seventeenth counts of the plaintiff's complaint. At oral argument, Brito withdrew its motion to strike as to the seventeenth count of the complaint.
A motion to strike challenges the legal sufficiency of the allegations of a complaint, or any one or more counts thereof, to state a claim upon which relief may be granted. Practice Book § 152(1); Ferryman v. Groton, 212 Conn. 138, 142
(1989). The facts in the complaint are to be construed in the light most favorable to the pleader. Bouchard v. People'sBank, 219 Conn. 465, 471 (1991). If the facts provable under the allegations of the pleadings would support a cause of action, the motion to strike must fail. Mingachos v. CBS,Inc., 196 Conn. 91, 109 (1985). CT Page 7814
I. Sixth Count
The plaintiff alleges in the sixth count of his complaint that Brito's actions constitute recklessness. Brito argues that the sixth count of the complaint should be stricken because it merely repleads the allegations of negligence set forth in the first count.
"There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Brock v. Waldron, 127 Conn. 79, 81 (1940). "The reiteration of acts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature." Comparone v. Cooper, 7 Conn. L. Rptr. 262, 263 (August 27, 1992, Lewis, J.).
The sixth count of the plaintiff's complaint simply reiterates the facts alleged in the first count of the complaint to support a claim of negligence. Thus, the motion to strike the sixth count of the plaintiff's complaint is granted.
II. Twelfth and Fourteenth Counts
The plaintiff alleges in the twelfth and fourteenth counts of his complaint that Brito's conduct created and maintained a negligent public nuisance and an absolute public nuisance. Brito argues that the twelfth and fourteenth counts should be stricken on the ground that the plaintiff has alleged neither that a public right was violated nor that he was injured in the exercise of a public right.
A public nuisance maybe classified as an absolute public nuisance or a negligent public nuisance. See Green v.Ensign-Bickford Co., 25 Conn. App. 479, 490 (1991). "If the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance." Quinnett v. Newman, 213 Conn. 343, 348-49
(1990). If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute. Id., 348. CT Page 7815
In order to recover for public nuisance the plaintiff must allege that he suffered an injury in the exercise of a public right. Couture v. Board of Education, 6 Conn. App. 309,314-15 (1986); see also Mandell v. Pivnick, 20 Conn. Sup. 99,100 (Super.Ct. 1956) (as to a claim of public nuisance, there must be an allegation that the plaintiff is a member of the general public using such public premises).
The plaintiff has failed to allege that the plaintiff is a member of the general public using public premises. Because the plaintiff has not alleged the necessary elements to state a cause of action in public nuisance, the motion to strike the twelfth and fourteenth counts of the plaintiff's complaint is granted.
III. Thirteenth and Fifteenth Counts
The plaintiff alleges in the thirteenth and fifteenth counts of his complaint that Brito's conduct created and maintained a negligent private nuisance and an absolute private nuisance. Brito argues that the thirteenth and fifteenth counts should be stricken on the ground that the plaintiff has failed to allege that Brito used or exercised control over the plaintiff's property.
In order to prevail on a claim of nuisance a plaintiff must prove that:
 (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damages.
Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197 (1992) (internal quotation marks omitted).
 Our case law has established no bright-line test to determine when a defendant's connection to a particular parcel of property suffices to make it an unreasonable or unlawful `user' of that property.
CT Page 7816
. . . .
 In lieu of a rule of general application, our cases frequently have applied a functional test to determine whether a defendant `uses' property in a manner sufficient to subject him to liability for nuisance. A critical factor in this test is whether the defendant exercises control over the property that is the source of nuisance.
State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183-84 (1987) (citations omitted).
In Kivlen v. Town of New Fairfield, Superior Court, Judicial District of Danbury, Docket No. 295770 (November 3, 1989, Stodolink, J.), the plaintiff alleged that defendant's failure to properly inspect and to properly perform testing procedures of a sewer system created a nuisance. The court struck the nuisance count on the ground that the allegations did not demonstrate that defendant used property or exercised control over it.
Likewise, the plaintiff in the present case has failed to demonstrate that Brito either used the subject property or exercised control over it. Thus, the motion to strike the thirteenth and fifteenth counts of the plaintiff's complaint is granted.
IV. Conclusion
For the reasons stated above, Brito's motion to strike the sixth, twelfth, thirteenth, fourteenth and fifteenth counts of the plaintiff's complaint is granted.
Hendel, J.