[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#131)
This action is brought by the administratrix of the Estate of Darryl Brantley, deceased, against the owner of residential property in Meriden situated at or near the location where Brantley was shot and killed by Shawn Smith, a non-party. The most recent revised complaint contains three counts of alternative negligence and a fourth count which sounds in public nuisance.
Shawn Smith shot and fatally wounded the decedent with a sawed-off shotgun. The gun was kept on the defendant's property by one of the tenants. Neither Smith nor the decedent were tenants of the defendant, and the plaintiff makes no claim that the defendant had actual notice that an offending tenant was keeping a sawed-off shotgun on the premises.
The gravamen of the complaint is that there was a CT Page 1656-V history of criminal activity and violence on the defendant's property of which the defendant had notice and, having such notice, he was under a duty to take steps to eliminate the crime and violence by evicting offending tenants and denying access to unwanted trespassers. The defendant, it is alleged, took no such action, and his failure to act constituted negligence and carelessness which caused the decedent's violent death.
The defendant has moved to strike the counts of negligence in that the allegations are legally insufficient to establish that any negligence of the defendant was a proximate cause of the decedent's demise, and, further, that the defendant cannot be legally charged with notice of the condition which caused such death; viz., that a sawed-off shotgun kept by a tenant would fall into the hands of Smith, who would use it to shoot the plaintiff's decedent. The motion further asserts that the decedent was not in the exercise of a public right at the time of his death, and, hence, there can be no recovery on a theory of public nuisance.
I. CT Page 1656-W
An actual cause that is a substantial factor in the resulting harm is a proximate cause of that harm. Coburn v.Lenox Homes, Inc., 186 Conn. 370, 383 (1982). In other words, "[a] causal relation between the defendant's wrongful conduct and the plaintiff's injuries is a fundamental element without which a plaintiff has no case." Lombardi v. J.A. Bergren Dairy Farms,Inc., 153 Conn. 19, 22 (1965).
The plaintiff's claims, as they relate to liability of the property owner, are far-reaching ("The defendant's negligence in failing to remedy the dangerous condition existing . . . and in failing to inspect said property to keep it reasonably safe, was certainly a cause in fact of the death of Darryl Brantley"), and on the facts presented they seem to have little support in existing case law. Nonetheless, "[t]he issue of proximate cause presents a question of fact for the trier unless no causal relation between the negligence of the defendant and a plaintiff's injuries can reasonably be found." Miranti v.Brookside Shopping Center, Inc., 159 Conn. 24, 27-28 (1969).
Because the court, in deciding the motion, must assume CT Page 1656-X the truth of the pleading under attack; Ivey, Barnum O'Mara v.Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2 (1983); and because the court must construe the complaint in the manner most favorable to the pleader; Blancato v. Feldspar Corporation,203 Conn. 34, 36 (1987); the court is reluctant to find at this time as a matter of law that no causal relation can reasonably be found.
 II.
Plaintiff's counsel during oral argument represented that her client was engaged in discovery which is not yet complete. Whether evidence will be uncovered, thereby to address the defendant's lack of notice defense, is unclear. If not, the plaintiff's complaint will be vulnerable to a motion of the defendant for summary relief. This question can be addressed at a later date, action on such ground in light of counsel's representation being premature at this time.
 III.
The plaintiff's decedent was on private property when CT Page 1656-Y he was shot. Whatever his status at the time, he was not in the exercise of a public right.
A public nuisance arises when the condition is of "such a nature as to injure `the citizens generally who may be so circumstanced as to come within its influence. Nolan v. New Britain, 69 Conn. 668, 678, 38 A. 703.'" Croughwell v. ChaseBrass Copper Co., 128 Conn. 110, 112 (1941). Any danger that existed was to the decedent, and not to the public generally. That the decedent staggered or retreated to a public sidewalk in front of the property, where he was shot again, does not transform any private right to a public one. The plaintiff's claims as founded on an alleged public nuisance are insufficient as a matter of law.
 IV.
In accordance with this opinion the motion as to the first, second, and third counts is denied and as to the fourth count is granted. CT Page 1656-Z
Gaffney, J.