[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action on behalf of her minor child, Rhonda Bolden, who was age eleven at the time of the alleged incident. The CT Page 1549 complaint is in two counts, the first of which alleges that the defendant "owned and maintained" the Jackie Robinson Middle School [in which] there is a circular stairway [which] was . . . in an unreasonably dangerous condition likely to cause harm and injury to those persons and children lawfully walking thereon in that it failed to comply with numerous building codes.
The first count goes on to allege that the minor plaintiff, while descending the stairs, "was caused to trip and fall," thereby sustaining "serious (sic) painful and permanent injuries and losses . . ." The second count of the complaint incorporates the allegations of the first count and then alleges that the "condition described above constitutes a public nuisance maintained by the defendant."
The defendant filed an answer and six special defenses, four of which addressed issues of law only. The validity of any one of those special defenses would preclude at trial of the issues framed by the pleadings. The first such special defense alleged:
 "The New Haven Board of Education is an agency of the State of Connecticut while performing its educational functions.
 The New Haven Board of Education was performing its educational functions at all times alleged in the complaint.
The State of Connecticut has not given its consent to this lawsuit.
 The doctrine of sovereign immunity extend (sic) to agencies of the state, including boards of education.
 Accordingly, the New Haven Board of Education is immune from the claims set forth in the complaint under the doctrine of governmental immunity."
A second special defense raised is that:
 "The New Haven Board of Education is also a board of the City of New Haven.
 The City of New Haven is a municipal corporation organized and existing under the laws of the State of Connecticut.
 Municipal corporations are exempt from liability for the negligent performance of a governmental duty unless made liable by statute.
The New Haven Board of Education was engaged in discretionary, CT Page 1550 governmental duties at all times alleged in the complaint.
 Accordingly, the New Haven Board of Education is immune from liability for the claims set forth in the complaint under the doctrine of governmental immunity."
A third special defense asserted is that:
 "The complaint fails to state a claim upon which relief may be granted as to Rhonda Bolden."
A fourth special defense states that:
 "The complaint fails to state a claim upon which relief may be granted as to the plaintiff Loretta Bolden."
The plaintiff filed a reply denying "each and every allegation as set forth in the defendant's Special Defenses." That reply notwithstanding, the issue of governmental immunity must be decided as a matter of law. Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988); Kolaniakv. Board of Education, 28 Conn. App. 277, 279 (1992). "At common law, Connecticut municipalities enjoy governmental immunity . . . from liability for their tortious acts." Ryszkiewicz v. New Britain,193 Conn. 589, 593. "The state legislature possesses the authority to abrogate any governmental immunity that the common law gives to municipalities." Id.
The plaintiff brought this action solely against the New Haven Board of Education, foregoing the naming of any particular individual. In 1920, our Supreme Court "adopted a version of qualified official immunity to cover certain public officials, thereby carving out "an exception to liability . . . for discretionary acts, as long as they were not performed maliciously, wantonly or in an abuse of discretion." Gordon v.Bridgeport Housing Authority, supra, at 166. Thereafter, the court "adopted the public duty doctrine, which provided even more immunity to public officials." Id.
In this state, "a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts . . . [which] acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Gordon v.Bridgeport Housing Authority, supra, 167.
The New Haven Board of Education is, indisputably, a political subdivision of the state charged with the constitutionally mandated duty of CT Page 1551 providing public education. Needless to say, its "acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Gordon v. Bridgeport Housing Authority, supra. The plaintiffs have not alleged any statutory basis for this action. Nor do they allege a private duty was owed to them by the defendant to provide a public education. Moreover, there is no allegation by the plaintiffs that, in performing its duty to provide a public education, the defendant's acts were ministerial, that is, were "performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action."Kolaniak v. Board of Education, supraat 280.
"Generally, liability may attach for a negligently performed ministerial act, but not for a negligently performed governmental act." Kolaniak v.Board of Education, supra, at 281, citing Gordon v. BridgeportHousing Authority, supra, at 167-68.
The court finds the defendant is immune from liability given the factual allegations of the complaint and considering those allegations in a light most favorable to the plaintiffs. Again, in light of those same allegations, the court finds undisputed that the minor plaintiff was invited onto the school grounds as a student and was, at all times relevant to this action, a public invitee because she was invited to enter or to remain on the school premises as a member of the public for a purpose for which the school was held open to the public. See, Kolaniak v. Board of Education,supra, at 282, citing 2 Restatement (Second) Torts § 332. Since there is no dispute concerning the factual determination of the minor plaintiff's status, that determination must be made as a matter of law. Kolaniak v. Board of Education,Id.
The second count asserts that the defendant's maintenance of the school building constituted a public nuisance. However, no factual allegations are set forth to support that conclusion. Nor can the court go outside the pleadings and make assumptions. During oral argument, the plaintiffs urged that the court read their pleadings to mean that the defendant built or caused to have built the school premises which are subject to their complaint. This the court cannot do.
"The allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties. 61 Am. Jr.2d, Pleading, § 371; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 99. `It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint.' Nash EngineeringCo. v. Norwalk, 137 Conn. 235, 239, 75 A.2d 496. A plaintiff may not allege one cause of action and recover upon another."Lundberg v. Kovacs,172 Conn. 229, 232-33 (1977). CT Page 1552
"`Nuisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction of public rights, `that is, the right enjoyed by citizens as part of the public.' 39 Am. Jr. 286. . . . `[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its right. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.'Nolan v. New Britain, 69 Conn. 668, 678, 38 A. 703 [1897];Hassett v. Palmer, 126 Conn. 468, 476, 12 A.2d 464 [1940];Croughwell v. Chase Brass Copper Co., 128 Conn. 110, 112,20 A.2d 619 [1941]. " Higgins v. Connecticut Light Power Co.,129 Conn. 606, 611-12, 30 A.2d 388 (1943)."
In light of our case law, the second count of the complaint, devoid of factual allegations in support of its conclusion, cannot be considered to have stated a claim upon which relief may be granted. The minor plaintiff was not injured in the exercise of a public right and therefore cannot recover for public nuisance. The mother has made no colorable claim that would permit her case to be submitted to a jury for consideration on either count.
This action is hereby dismissed.
BY THE COURT
LEANDER C. GRAY, JUDGE