[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
CT Page 11320
the plaintiff has filed a revised complaint alleging that the defendant maintained a nuisance on its property. According to the allegations of the revised complaint, the defendant possessed or maintained a corporate complex located at One Corporate Drive in Shelton. The plaintiff entered the premises as a business invitee of the Firehouse Deli, located on One Corporate Drive. While walking from the deli back to her car, which she parked in a garage also located on One Corporate Drive and which was designed for use by business invitees such as the plaintiff, she tripped and fell "as a result of a height differential of approximately one and one-half inches between [a brick walkway upon which she was traveling] leading to the garage and a concrete pad at the top of [a] staircase." Revised Complaint, ¶ 5.
The defendant has now filed a motion to strike the plaintiff's revised complaint on the basis that the complaint fails to state a legally sufficient claim for either a public or a private nuisance. The court agrees with this contention and the motion is granted.
The defendant argues that the plaintiff's revised complaint fails to state a legally sufficient claim for public nuisance because the complaint fails to allege facts indicating that the plaintiff was exercising a public right, enjoyed by citizens as part of the public, at the time she was injured.
"A common-law nuisance claim consists of four core elements: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." (Internal quotation marks omitted.) Elliott v. City of Waterbury,245 Conn. 385, 419, ___ A.2d ___ (1998); see Tomasso Bros., Inc. v.October Twenty-Four, Inc., 221 Conn. 194, 197, 602 A.2d 1011
(1992); State v. Tippetts-Abbett-McCarthy-Stratten,204 Conn. 177, 183, 527 A.2d 688 (1987). "There are two types of nuisance: public and private." Couture v. Board of Education,6 Conn. App. 309, 314, 505 A.2d 432 (1986). The plaintiff has conceded that she has no cause of action for private nuisance.[1] Therefore, the court will address only the issue whether the plaintiff has stated a claim for public nuisance. CT Page 11321
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. . . . [I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." (Citation omitted; internal quotation marks omitted.) Higgins v.Connecticut Light Power Co., 129 Conn. 606, 611, 30 A.2d 388
(1943). "To state a cause of action in public nuisance, the plaintiff must make an . . . allegation . . . that the condition complained of interfered with a right common to the general public." (Internal quotation marks omitted) Doyle v. K-Mart Corp., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 038874 (July 16, 1992, McGrath, J.) (7 C.S.C.R. 1065); see also Stewart v. Federated Department Stores, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 103721 (May 17, 1991, Lewis, J.) (6 C.S.C.R. 561) ("Plaintiffs alleging public nuisance have the increased burden of proving a fifth element, `that the condition or conduct complained of interfered with a right common to the general public.'"), quoting Doe v. Manheimer, 212 Conn. 748,755-56 n. 4, 563 A.2d 699 (1989), overruled on other grounds,Stewart v. Federated Department Stores, Inc., 234 Conn. 597, 608,662 A.2d 753 (1995).
"[A] person entering a premises at the express or implied invitation of a tenant or owner is not exercising a public right. Rather, that person is entering as a visitor. Furthermore, the visitor cannot recover on a public nuisance claim." Stewart v.Federated Department Stores Inc., supra, 6 C.S.C.R. 561, citingWebel v. Yale University, supra, 125 Conn. 514-25. In Dahlstrom v.Roosevelt Mills, Inc., 27 Conn. Sup. 355, 238 A.2d 431 (1967), the plaintiff, a patron in the defendant's store, claimed that the condition of a soft drink vending machine in the store constituted a nuisance. The court determined that such a claim could not state a cause of action for public nuisance, holding that "[a]s a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the store, and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public." Id., 357. Accord Mulcahey v. International Telephone Telegraph Corp.,31 Conn. Sup. 1, 3, 318 A.2d 804 (1974) (holding that plaintiff, CT Page 11322 parking customer in defendant lessee's public parking garage, cannot state a claim for public nuisance); Arachy v. Schopen,22 Conn. Sup. 20, 158 A.2d 604 (1960) (granting demurrer to plaintiff's claim of nuisance against defendant bathing resort for injuries sustained when diving off diving board because there was no exercise of public right); LaPalme v. Tottle, 16 Conn. Sup. 121, ___ A.2d ___ (1949) (granting demurrer to plaintiff's claim against defendant restaurant for public nuisance in maintenance of stairway). "The mere fact that private property is being used as a place of business to which members of the public are invited does not convert a nuisance existing thereon into a public nuisance."LaPalme v. Tottle, supra, 16 Conn. Sup. 121.
The plaintiff alleges that she was an invitee to One Corporate Drive and that the defendant maintains or possess the corporate or commercial complex located at that address. The plaintiff's revised complaint fails to state a claim upon which relief may be granted since an invitee on private property cannot demonstrate a necessary element of a claim for public nuisance: the exercise of a public right. The defendant's motion to strike the plaintiff's revised complaint is granted.
Flynn, J.